UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――――
JODY L. SANTOS,

                Plaintiff,

        -against-                                1:24-CV-5396 (LTS)

QUAKER OAT PESTICIDE,              ORDER OF DISMISSAL
                                                  WITH LEAVE TO REPLEAD
                Defendant.
―――――――――――――――――――――――――――――――――

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff Jody L. Santos, of New Bedford, Massachusetts, who is appearing *pro se*, filed this action invoking the court's federal question jurisdiction and seeking $65,000 in damages. She sues "Quaker Oat Pesticide," which the Court understands to be the Quaker Oats Company ("Quaker Oats"). Plaintiff alleges that Quaker Oats is a citizen of the State of New York, and that it is incorporated, and has its principal place of business, in the State of New York.[1] (ECF 1, at 3.) Plaintiff's claims arise from the alleged presence of pesticides in Quaker Oats oatmeal and breakfast cereal that she has eaten. By order dated July 22, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

        The Court construes Plaintiff's complaint as asserting claims under state law under the court's diversity jurisdiction, rather than as claims under federal law under the court's federal question jurisdiction. For the reasons set forth below, the Court dismisses this action for lack of subject matter jurisdiction, but grants Plaintiff 30 days' leave to replead her claims in an amended complaint.

―――――――――――――

[1] Plaintiff does not specify where within the State of New York Quaker Oats has its principal place of business.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

**BACKGROUND**

Plaintiff, in her complaint for this action, invokes a previously filed purported class action brought in this court by another person via counsel known as *Fitzgerald v. Quaker Oats Co.,* 7:24-CV-1235 (CS).[2] (ECF 1, at 1.) She alleges that the events that are the basis for the present action have been occurring for her entire life. Plaintiff also alleges "pesticides in Quaker oatmeal and Cheerios, los[t] appetite, tired, headaches, pain in my temples[,] head vomiting, dia[rrhea]. [*sic*]" (*Id.* at 5.) She further alleges the following in a letter attached to her complaint:

> I am writing this about a lawsuit against Quaker Oats. I believe I have a suit against them. I've been eating Quaker Oats oatmeal[] since I was a child. Every morning before school was Quaker Oats oatmeal. I am a 62 [year-old] woman, who has been still eating Quaker Oats oatmeal. I like it for a snack, sometimes before bed. I didn't realize there were chemicals in it. I have a box in my food cabinet with single servings and also a container of quick 1 minute oats. I will not continue to eat these oats.

(*Id.* at 9, 11.) Plaintiff seeks $65,000 in damages. (*Id.* at 6.)

---

[2] On March 14, 2024, counsel for the plaintiff in *Fitzgerald*, 7:24-CV-1235 (CS), filed a notice of voluntary dismissal without prejudice, which dismissed that action. (ECF 7:24-CV-1235, 11.) Plaintiff did not file the present action until July 12, 2024, months after *Fitzgerald*, 7:24-CV-1235 (CS), was dismissed.

## DISCUSSION

**A.    Class action**

To the extent that Plaintiff requests to proceed with this action as a class action, the Court must deny that request. The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself [or herself].'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (citation omitted). Because a nonlawyer cannot bring suit on behalf of others, a nonlawyer *pro se* plaintiff cannot act as a class representative and bring a class action. *Rodriguez v. Eastman Kodak Co.*, 88 F. App'x 470, 471 (2d Cir. 2004) (summary order) (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)); *Phillips v. Tobin*, 548 F.2d 408, 412-15 (2d Cir. 1976). Because Plaintiff does not allege that she is an attorney, the Court denies her request to proceed with this action as a class action.

**B.    Subject matter jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has subject matter jurisdiction only when a "federal question" is presented or, when considering claims under state law under its diversity jurisdiction, when the plaintiff and the defendant are citizens of different States and the amount in controversy exceeds the sum or value of $75,000. "[I]t is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983) (internal quotation marks omitted)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks

3

subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

Despite Plaintiff's invocation of the court's federal question jurisdiction, her allegations make clear that she is attempting to assert claims under state law, under the court's diversity jurisdiction.[3] Plaintiff has not, however, alleged facts sufficient to establish the court's diversity jurisdiction to consider this action. To do so, a plaintiff must first allege that she and the defendant are citizens of different States. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where he or she is domiciled, which is defined as the place where the individual "has his [or her] true fixed home . . . and to which, whenever he [or she] is absent, he [or she] has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* A corporation, however, is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place

---

[3] Plaintiff alleges nothing to suggest that her claims fall under the court's federal question jurisdiction. To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action arises under the court's federal question jurisdiction if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal question jurisdiction, however, without any facts demonstrating a claim under federal law, does not create federal question jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

4

of business." § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters).

There is a second component of diversity jurisdiction – the amount in controversy must be in excess of the sum or value of $75,000. *See* § 1332(a). The sum claimed by a plaintiff will control if it is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The Court can dismiss a diversity action for failing to plead that the amount in controversy exceeds the sum or value of $75,000, but only if there is "a legal certainty from the complaint that the plaintiff cannot recover sufficient damages to invoke [diversity] jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982); *Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626, 629 (2d Cir. 1993) ("[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses.").

Plaintiff alleges that she is a citizen of the Commonwealth of Massachusetts. (ECF 1, at 2.) She also alleges that Quaker Oats is a citizen of the State of New York, and that it has its principal place of business at an unspecified location within that State.[4] (*Id.* at 3.) Thus, the parties are diverse. Plaintiff does not, however, allege any facts that show that her claims under state law satisfy the jurisdictional amount for a diversity action – amount in excess of the sum or value of $75,000, *see* § 1332(a); she specifically seeks only $65,000 in damages (ECF 1, at 6). The Court therefore dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[4] Courts have recognized Quaker Oats, however, as a citizen of the States of New Jersey and Illinois. *See Quaker Oats Co.*, No. C-05-153-LRR, 2006 WL 8456805, at *3 (N.D. Iowa Apr. 4, 2006) ("Quaker Oats is a New Jersey corporation with its principal place of business in Illinois."); *Kahn v. The Quaker Oats Co.*, No. 86-C-7691, 1987 WL 7287, at *1 (N.D. Ill. Feb. 20, 1987) ("[D]efendant Quaker Oats . . . is a citizen of New Jersey/Illinois.").

In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to file an amended complaint in which she alleges facts showing that the court has subject matter jurisdiction to consider this action under its diversity jurisdiction.

**C.     Venue**

Notwithstanding the Court's dismissal of this action with leave to replead, should Plaintiff file an amended complaint addressing the court's subject matter jurisdiction to consider this action, she should also address why this court is a proper venue for this action. The applicable venue provision for this action is found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, "a natural person . . . shall be deemed to reside in the judicial district in which that person is domiciled." § 1391(c)(1). Any other entity, if a defendant, however, "shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2). With respect to a defendant that is a corporation:

> in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

§ 1391(d).

Plaintiff alleges that Quaker Oats is incorporated in the State of New York, and has its principal place of business at an unspecified location within that State. (ECF 1, at 3.) Because she is not specific, however, as to the judicial district(s) within the State of New York where Quaker Oats resides for venue purposes, it is not clear that this court[5] is a proper venue for this action under Section 1391(b)(1).[6]

In addition, while Plaintiff's allegations would seem to indicate that a substantial portion of the events giving rise to Plaintiff's claims have occurred where Plaintiff resides, in New Bedford, Massachusetts, which lies within the District of Massachusetts, *see* 28 U.S.C. § 101 (the Commonwealth of Massachusetts constitutes one federal judicial district), they do not show that any of those events occurred within this judicial district. Thus, while the United States District Court for the District of Massachusetts appears to be a proper venue for this action, under Section 1391(b)(2), this court does not.

Accordingly, because Plaintiff does not clearly show that this court is a proper venue for this action, the Court also grants her leave to amend her complaint to additionally address why this court is a proper venue for this action.

---

[5] The judicial district for this court, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan);(2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

[6] Quaker Oats would seem to reside in at least one judicial district within the State of Illinois, *see* 28 U.S.C. § 93 (there are three federal judicial districts within the State of Illinois), and within the District of New Jersey, *see* 28 U.S.C. § 110 (the State of New Jersey constitutes one federal judicial district); *supra* note 4. Thus, it would appear that a United States District Court for at least one of the judicial districts within the State of Illinois, as well as the United States District Court for the District of New Jersey, would be proper venues for this action under Section 1391(b)(1).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to show that the court has diversity jurisdiction to consider her claims, and that it is a proper venue for this action, the Court grants Plaintiff 30 days' leave to file an amended complaint, as specified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), but grants Plaintiff 30 days' leave to replead her claims in an amended complaint, as specified in this order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   October 26, 2024
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge